May it please the court I'm Paul Warren representing Robert Conway and I am hoping to reserve two minutes for rebuttal. All right counsel please be reminded that the time shown on the clock is your total time remaining. Yes so the issue in this claim comes down to whether the ALJ properly accounted for a limitation to standing and walking for about six hours in an eight-hour day. Now that issue comes up in two ways first is whether the ALJ sufficiently accounted the opinion of the state agency medical consultants when creating the RFC. The second is whether the ALJ sufficiently resolved the conflicts raised in the VE's testimony regarding that standing and walking limitation. If either of these questions are resolved in the claimant's favor a remand is going to be necessary. Now in the current case there are three aspects in play. First the ALJ offered no specific standing and walking limitation in the RFC as offered to the Mr. Conway to medium work. Well counsel isn't that I'm sorry isn't there a common understanding in this arena regarding what medium work is and the limitations. There is and that's discussed in Terry and in fact there is it basically the case of Terry does suggest that medium work is a term of art that includes a standing and walking limit to six hours in an eight-hour day but it's not specific as to whether that's approximate variable or in total and basically what actually was discussed in Terry the Terry case itself is more or less it's it discussed within Terry Social Security ruling 83-10 which suggests that medium work includes a total of approximately six hours in an eight-hour day. Then also in Terry they conclude their discussion suggesting that the question in the case is merely that the ALJ and the expert would have a shared understanding that the term medium work implies a six-hour standing and walking limit. Isn't it approximately? No they did not actually say approximately when they concluded in six hours is that is that what you are what is your argument that it's a maximum six hours what's your position that medium that medium confers what does the word medium confer in your interpretation of the case? It would be that there is a limitation to six hours in an eight-hour day. At that point it comes to the judge and the vocational expert to make determinations more or less the judge to where that falls and in this case the judge did not do so and once you look at that then the question becomes whether the judge and the vocational expert has the same understanding of where that limit did fall and based on the testimony of the vocational expert it's clear that there is a question there as to whether or not the judge and the vocational expert has that same understanding. So my understanding of your argument is that Terry says there's a presumption of a shared understanding but the questioning here indicates that that shared understanding about the six-hour limitation did not actually exist? Correct in fact because the judge himself or the judge in this case only offered a limitation to medium work when discussing the hypothetical. There was no specification as to any standing and walking limit at all. But how can you say that this experienced vocational expert and the judge did not share the common understanding that's well known in this area of the of the law? Why would we presume that they did not share that understanding when the cases say that and the the case to say that and the understanding is that in the in this arena? I don't understand how we can conclude that they did not share that understanding absent something in the record reflecting that. Because of the vocational expert testimony on cross-examination when on process in various discussion of the Social Security regulations themselves. So Social Security what Terry discussed says that medium work includes a total of approximately six hours in an eight-hour day. I thought you said it didn't say approximately. It also said a total. Well but it said total and approximately right? Correct. So I thought before you said it didn't say approximately. It says but it also says a total of approximately six hours in an eight-hour day. So there's that question of whether or not there's any real difference between those two at all. What that would be required. Normally this wouldn't be an issue because in general a limitation to six hours in an eight-hour day whether it's eight hours six hours maximum whether it's about six hours whether it's approximately six hours whether it's six hours total isn't going to have an impact on the case. But in this case the vocational expert specifically testified that a limitation to standing and walking for six hours in an eight-hour day maximum would preclude all unskilled medium work. And at that point that would limit Mr. Conway to light work and Mr. Conway would grid out based on age. So because we don't have that specificity there this is a conflict that's been raised and Terry does not resolve that question. Counsel did Terry not get to this level of specificity or what's the difference here between the facts of Terry and your claim? In Terry there were two hypotheticals offered. The first hypothetical was offered at step four it said medium work with a limitation to standing and walking for six hours in an eight-hour day with no discussion of approximate about or anything. Then at step five there was a second hypothetical offered that just said medium work. So the court in Terry offered that the vocational expert would that was previously offered to six hours in an eight-hour day. Here there was no prior discussion of that medium work any that there wasn't a prior discussion of what that standing and walking limitation was prior to the cross examination discussion. At which point the vocational expert did testify that a unskilled medium work. You want to save the balance of your time for rebuttal counsel? Yes your honor. All right we'll hear from the government. Good morning your honors may it please the court Sarah Moe on behalf of the commissioner of the Social Security Administration. In this case the evidence is consistent. SSR 8310 defines medium work to mean approximately standing standing and walking for approximately six hours in an eight-hour workday. The state agency medical consultants stated that Conway could stand and walk about six hours in an eight-hour workday and therefore could perform medium work. The DOT classifies these jobs the jobs that the ALJ relied on at step five as medium and when asked if the claimant could perform, when asked what medium work the claimant could perform, the VE testified that the claimant could perform these step five medium jobs. So we have a through line here between the state agency medical consultants who said that Conway could stand or walk about six hours in an eight-hour workday. Between the SSR which says that medium work requires standing and walking for approximately six hours in an eight-hour workday and the DOT which says that these step five jobs that the ALJ relied upon are medium. Now to the extent that Conway asserts two errors here he said that the ALJ should have included the approximate or about six hours of standing and walking in the RFC. As this court found in Terry medium is a term of art that conveys those limitations. So the use of the term medium in the RFC meaningfully conveyed the state agency medical consultants limitations to six hours of standing and walking. Conway also asserts that there is a conflict in the record because the vocational experts provided two different questions or two different answers to two different questions. But again the questions are different whether the claimant could perform exactly no more than six hours of standing and walking or whether the claimant could perform approximately or about six hours of term medium. There is no apparent conflict to resolve because the step five agency medical, excuse me, the prior administrative findings by the medical consultant said that Conway could perform standing of about six hours standing and walking for about six hours which is consistent with the SSR 8310 definition which is consistent with this course holding in Terry that medium is a defined in the DOT. There is no conflict to resolve. The evidence is consistent. Unless the court has any questions. Counsel, what were the three occupations that the petitioner could perform? They were laundry worker, excuse me, give me one minute. I apologize. Housekeeper, laundry worker, and dishwasher. Thank you, Judge. Are there any other questions? Counsel, any case besides Terry discuss this medium work approximate about what it means? Not that I have cited in my briefing and not that I'm familiar with at the moment. Any other just any other circuits address this issue? I do not know your own. All right. Unless there is this cross-examination that says if someone's only able to be on their feet for six out of eight hours maximum, would they be able to do any medium work or the jobs you listed? And the VE says no, where a worker would be capped at being on their feet no more than six hours in a work day, they would not be able to do these jobs. So it seems to me the whole position rests on the difference between the limit to six hours maximum and the limit to approximately six hours. And that seems to me to be a bit splitting hairs. And we had the reverse case yesterday where there was a slight difference in wording between, you know, the limitation proposed by a medical expert and the ALJ incorporated it using slightly different wording. And we said that, you know, the government was arguing that's good enough. And so here essentially we have like a slight difference in wording and you're saying that is a world of difference such that there's a this hypothetical presented to the VE is enough. But I have a hard time understanding how someone's limited to approximately six out of eight hours a And the VE says if they're capped to six out of eight hours a day, they can't do these jobs. How is that meeting the government's burden here? So I think that there are two ways the court could consider this case and affirm the commissioner. The first is that there is a difference between a maximum and an approximate amount. A maximum of six hours doesn't permit standing and walking for six hours and one minute. And I understand that that does appear to be splitting hairs, but there is a meaningful difference between six hours and six hours and ten minutes. So that is the first way. Do you have any case law supporting that position? That there's a meaningful difference between those two things? I mean, I don't. So when it comes to the requirements of a performance of a medium job, I don't have any expertise and I don't have any case law to cite for you with regard to these specific jobs. But the second way that I would say that the court could affirm it is just by looking at the through line that I've already discussed. Between the state agency medical consultants, specific limitations, the SSR, Terry, and DOT, which categorized the Step 5 jobs as medium and the definition the SSR, which is consistent with the limitations that the state agency medical consultant proposed. So there is a through line here and the vocational expert's testimony is hardly even necessary to conclude that the claimant can perform the jobs identified at Step 5 because they are all SVP 2 or less and are consistent and are medium jobs, consistent with the state agency medical consultants and the RFC. So counsel, your argument is that the claimant could perform these jobs by definition because they've already been declared to be medium and all of the medical experts said that the claimant can perform medium work. All of the medical experts said that. And the vocational experts said that on direct examination. That's right, yes. The medical consultants assessed the limitations that are consistent with the definition of medium work, which is consistent with the RFC, which is consistent with Step 5 jobs. And in Unless there are any further questions, the commissioner respectfully requests the quorum. Thank you very much. Thank you, counsel. Rebuttal. Yes. So of note, the very first thing, as previously discussed, SSR 83-10 does note approximately six hours in an eight hour day, but it actually says a total of six hours of approximately six hours in an eight hour day, which is again, yes. But that can be more than six hours or less than six hours. If you say approximate, that by definition means it can be more or it can be less. But it also specifies a total, which suggests that it's looking primarily at a total of six hours in an eight hour day or maybe a little less. Well, no, approximately doesn't mean that. Approximately means around. So it could be more or it could be less. And if they meant total, they could have said total, up to. Normally, when there's an implication of maximum, it says up to a total of, or something that conveys that there's an upper threshold. And I think that the fact that this is a question at all goes back to Terry and what they decided the final determination was there, which is whether or not there is whether it's clear that the ALJ and the VE understood medium to mean the same thing. And here, regardless of whether we believe it or not, or regardless of based on the testimony, we just do not know. And that's a question and a conflict that the ALJ was required to resolve. So, counsel, our task is to determine whether or not there is substantial evidence to support the substantial evidence that the medical experts opined that the claimant was capable of performing medium work. And the vocational expert on direct examination said all of these jobs were medium work, and the claimant was able to perform them. Why isn't that substantial evidence to support the ALJ decision? Because at that point, it becomes a question of whether or not the ALJ and the vocational expert actually did have the same understanding. And we don't know what about the medical? What about the medical experts? The state agency doctors said about six hours in an eight hour day, that's all we know. But about six hours a day, as you just stated, could mean a little more equal to or a little less. And the vocational experts specifically said that anything more or equal to is inconsistent. But isn't it, don't our cases say that if the evidence could be read either way, then the ALJ gets the benefit of the doubt. We don't second guess the determination that's made by the ALJ. But at step five, the understood. What is your best citation for that? If there was a conflict, the ALJ had a duty to resolve. Correct, that SSR 00-4P that says that a conflict, if there's a conflict in the medical evidence. At step five, they have to resolve conflicts as well. Conflicts, what kind of conflicts? Conflicts between the vocational experts testimony. Is this a conflict between the DLT and the testimony of the expert? And it's the testimony of the expert on direct examination was consistent with the ALJ's resolution that the claimant could perform medium work. So there was no conflict there on direct. Correct, but the ALJ could elect to go with the testimony on direct as opposed to the testimony on cross kidney. But then we go back to the question in Terry about whether the ALJ and the vocational experts did have that same understanding. I understand your argument. Are there any further questions? If not, the case just argued is submitted for decision by the court. That completes our calendar for the day. We are in recess until 930 a.m. tomorrow morning. All rise. The court for this session stands adjourned until tomorrow morning. Thank you.
judges: RAWLINSON, SUNG, Morris